2254 ✓ 1983

**FILING FEE PAID**

Yes_____ No ✓

**IFP MOTION FILED**

Yes ✓ No_____

**COPIES SENT TO**

Court ✓ ProSe_____

BILJI VARGHESE
NAME

F-22424
PRISON NUMBER

Centinela State Prison
P. O. Box 911

CURRENT ADDRESS OR PLACE OF CONFINEMENT

Imperial, CA 92251
CITY, STATE, ZIP CODE



**FILED**

DEC 1 0 2009

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

PARAKKAMANNIL KOSHY BILJI VARGHESE

_____ ,

(FULL NAME OF PETITIONER)

**PETITIONER**

v.

DOMINGO URIBE, JR., Warden,

_____ ,

(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

**RESPONDENT**

and

EDMOND G. BROWN, JR.

_____ ,

The Attorney General of the State of California, Additional Respondent.

Civil No _09CV 2801 WQH(WVG)_

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

**PETITION FOR WRIT OF HABEAS CORPUS**

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack:

   San Diego County Superior Court, San Diego, CA

2. Date of judgment of conviction: April 10, 2006

3. Trial court case number of the judgment of conviction being challenged:

   SCD187180

4. Length of sentence: 26 years to life

CIV 68 (Rev. Jan. 2006)

cv



5. Sentence start date and projected release date: April 10, 2006.  No projected release date.

6. Offense(s) for which you were convicted or pleaded guilty (all counts):
   First degree murder.

7. What was your plea? (CHECK ONE)

   (a)  Not guilty          ☒
   (b)  Guilty              ☐
   (c)  Nolo contendere     ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a)  Jury               ☒
   (b)  Judge only         ☐

9. Did you testify at the trial?

   ☐ Yes  ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☒ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: Judgment affirmed

    (b)  Date of result (if known):  May 8, 2008

    (c)  Case number and citation (if known):  D048456
    (d)  Names of Judges participating in case (if known):

         Benke, McDonald, Irion
    (e)  Grounds raised on direct appeal:
         1. Error in denying defense requests to allow a defense expert to test DNA found in victim's residence
         without being required to provide the test results to the prosecutor unless the defense expert testified.  2.
         Error in denying Fourth Amendment motion to suppress evidence.

12. If you sought further direct review of the decision on appeal by the **California Supreme Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result:   Review denied.

    (b)  Date of result (if known):  August 20, 2008

    (c)  Case number and citation (if known):
         S164434

    (d)  Grounds raised:
         1. Error in denying defense requests to allow a defense expert to test DNA found in victim's residence
         without being required to provide the test results to the prosecutor unless the defense expert testified.  2.
         Error in denying Fourth Amendment motion to suppress evidence.

**13.** If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

(a) Result: Certiorari denied.

(b) Date of result (if known): January 21, 2009

(c) Case number and citation (if known):

No. 08-7316, 129 S.Ct. 1012, 173 L.Ed.2d 304

(d) Grounds raised:

1. Denial of defense requests to allow a defense expert to test DNA found in victim's residence without being required to provide the test results to the prosecutor violated petitioner's Sixth Amendment right to counsel and Fourteenth Amendment right to due process of law.  2. Error in denying Fourth Amendment motion to suppress evidence.

## COLLATERAL REVIEW IN STATE COURT

**14.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☒ No

**15.** If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number (if known):

(b) Nature of proceeding:

(c) Grounds raised:

(d) Did you receive an evidentiary hearing on your petition, application or motion?
    Yes    No

(e) Result:

(f) Date of result (if known):

**16.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☐ Yes  ☒ No

**17.** If your answer to #16 was "Yes," give the following information:

    (a)  **California Court of Appeal** Case Number (if known):

    (b)  Nature of proceeding:

    (c)  Names of Judges participating in case (if known)

    (d)  Grounds raised:

    (e)  Did you receive an evidentiary hearing on your petition, application or motion?
         Yes     No

    (f)  Result:

    (g)  Date of result (if known):

**18.** Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
☐ Yes  ☒ No

**19.** If your answer to #18 was "Yes," give the following information:

    (a)  **California Supreme Court** Case Number (if known):

    (b)  Nature of proceeding:

    (c)  Grounds raised:

    (d)  Did you receive an evidentiary hearing on your petition, application or motion?
         Yes     No

    (e)  Result:

    (f)  Date of result (if known):

**20.** If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
    ☒ Yes ☐ No      (IF "YES" SKIP TO #22)

    (a)  If no, in what federal court was the prior action filed?
       (i) What was the prior case number?
      (ii)  Was the prior action (CHECK ONE):
           Denied on the merits?
           Dismissed for procedural reasons?
      (iii) Date of decision:
    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
         Yes    No
    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
         Yes    No

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. (e.g. what happened during the state proceedings that you contend resulted in a violation of the constitution, law or treaties of the United States.) If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

   **(a) GROUND ONE:**

   Trial court violated petitioner's Sixth Amendment right to counsel and Fourteenth Amendment right to due process of law when it allowed petitioner to have a defense expert test DNA evidence only on condition that petitioner turn over to the prosecution the results of that testing even if the defense expert did not testify at trial.

   **Supporting FACTS:**

   The key piece of prosecution evidence connecting petitioner to the offense was a small sample of blood containing DNA that was consistent with petitioner's DNA. After the prosecutor tested the blood, enough was left for one more test. Defense counsel asked to have the blood released to a defense expert for testing without having to disclose to the prosecutor the results of the testing unless the defense called the expert to testify. The trial court ruled that the defense could have its expert test the blood only if it revealed the result of the test to the prosecution even though the prosecution expert who tested the blood said the test he conducted was valid and there was no need for him to conduct another test. The Court of Appeal held the trial court did not err.

   Petitioner argued the issue at length in his briefing. The arguments on this point appear at pages 22-36 of the opening brief, 1-23 of the reply brief, 1-10 of the petition for rehearing, 5-18 of the petition for review, and 17-32 of the petition for certiorari. Petitioner respectfully asks the Court to review the argument there presented.

   The Sixth Amendment aspect of the argument stems from Powell v. Alabama, 287 U.S. 45, 71 (1932), where the Court stated that the right to counsel is meaningless if counsel is required to act "under such circumstances as to preclude the giving of effective aid in the preparation and trial of the case." Under Powell, "[a] fundamental part of the right to counsel is that the defendant's attorney "must be afforded a reasonable opportunity to prepare for trial" and "[t]o make that right effective, counsel is obviously entitled to the aid of such expert assistance as he may need . . . in preparing the defense." In re Ochse, 38 Cal.2d 230, 231 (1951). The the Sixth Amendment right to the assistance of counsel "includes the right to the use of experts . . . that will assist counsel in preparing a defense" and "also includes the right to have any communications made to experts remain confidential." Torres v. Municipal Court, 50 Cal.App.3d 778, 783-84 (1975); see also State v. Mingo, 392 A.2d 590, 592-95 (N.J. 1978); Mason v. Arizona, 504 F.2d 1345, 1351 (9th Cir. 1974).

   The due process aspect of the argument stems from Ake v. Oklahoma, 470 U.S. 68 (1985) and from Barnard v. Henderson, 514 F.2d 744, 746 (5th Cir. 1975), which states: "Fundamental fairness is violated when a criminal defendant on trial for his liberty is denied the opportunity to have an expert of his choosing, bound by appropriate safeguards imposed by the Court, examine a piece of critical evidence whose nature is subject to varying expert opinion."

   **Did you raise GROUND ONE in the California Supreme Court?**

   ☒ Yes ☐ No.

   If yes, answer the following:

   (1) Nature of proceeding (i.e., petition for review, habeas petition): petition for review

   (2) Case number or citation: S164434

   (3) Result (attach a copy of the court's opinion or order if available):
       Review denied

**(b)** **GROUND TWO:**

**Supporting FACTS:**

**Did you raise GROUND TWO in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

(1)    Nature of proceeding (i.e., petition for review, habeas petition):

(2)    Case number or citation:

(3)    Result (attach a copy of the court's opinion or order if available):

(c) **GROUND THREE**:


    **Supporting FACTS**:


    **Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

    If yes, answer the following:

    (1)    Nature of proceeding (i.e., petition for review, habeas petition):

    (2)    Case number or citation:

    (3)    Result (attach a copy of the court's opinion or order if available):

**(d)**   **GROUND FOUR**:


**Supporting FACTS**:


**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

If yes, answer the following:

(1)   Nature of proceeding (i.e., petition for review, habeas petition):

(2)   Case number or citation:

(3)   Result (attach a copy of the court's opinion or order if available):

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes   ☒ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court:

    (b)  Case Number:

    (c)  Date action filed:

    (d)  Nature of proceeding:


    (e)  Name(s) of judges (if known):

    (f)  Grounds raised:





    (g)  Did you receive an evidentiary hearing on your petition, application or motion?
        Yes     No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing . . . . . . . .  Daniel T, Williams, 110 Juniper St., San Diego, CA 92101

    (b)  At arraignment and plea . . . . . . .  Daniel T, Williams, 110 Juniper St., San Diego, CA 92101

    (c)  At trial . . . . . . . . . . . . . . . . . . . . .  Daniel T, Williams, 110 Juniper St., San Diego, CA 92101

    (d)  At sentencing . . . . . . . . . . . . . . .  Daniel T, Williams, 110 Juniper St., San Diego, CA 92101

    (e)  On appeal . . . . . . . . . . . . . . . . . .  George L. Schraer, 5173 Waring Road, #247, San Diego, CA 92120

    (f)  In any post-conviction proceeding .

    (g)  On appeal from any adverse ruling in a post-conviction proceeding:

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☐ Yes  ☒ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes  ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:

(b) Give date and length of the future sentence:

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes       No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to proceed before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

**OR**

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court:

DECEMBER 5, 2009

CIV 68 (Rev. Jan. 2006)

-11-

cv

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____12/5/2009_____        _____
(DATE)                     SIGNATURE OF PETITIONER

Court of Appeal, Fourth Appellate District, Div. 1 - No. D048456
**S164434**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

THE PEOPLE, Plaintiff and Respondent,

v.

PARAKKAMANNIL KOSHY BILJI VARGHESE, Defendant and Appellant.

The petition for review is denied.

SUPREME COURT
FILED

AUG 2 0 2008

Frederick K. Ohlrich Clerk

Deputy

GEORGE

Chief Justice

# Supreme Court of the United States
# Office of the Clerk
# Washington, DC  20543-0001

**William K. Suter**
Clerk of the Court
(202) 479-3011

January 21, 2009

Mr. George L. Schraer
5173 Waring Road
#247
San Diego, CA  92120

Re:  Parakkamannil Kosky Bilji Varghese
 v. California
 No. 08-7316

Dear Mr. Schraer:

The Court today entered the following order in the above-entitled case:

The petition for a writ of certiorari is denied.

Sincerely,

*William K. Suter*

**William K. Suter**, Clerk

<u>VERIFICATION</u>

STATE OF CALIFORNIA    ) On this day, Listed Court Pleadings Were Given
COUNTY OF IMPERIAL     ) To Prison Official For Filing/Mailing
            ( C.C. P. §446 & 2015.5; 28 U.S.C. §1746 )

                PARAKKAMANNIL KOSHY
    I, BILJI VARGHESE        , declare under penalty of perjury that:
I am the PETITIONER in the above-entitled action; I have read the fore-
going documents and know the contents thereof; and the same is true of
my own knowledge except as to matters stated therein upon information
and belief, and as to those matters, I believe they are true:
    Executed this 5TH day of DECEMBER         , 2009, at Centinela
State Prison, P.O. Box 911, Imperial, CA 92251

            [Signature]
                        DECLARANT/PRISONER.

        ****************************************

<u>PROOF OF SERVICE BY MAIL</u>

        ( C.C.P. Sec. §1013 (a) & 2015.5; 28 U.S.C. Sec.§1746.)

    I, BILJI VARGHESE        , am a resident of Centinela State Prison
in the County of Imperial, State of California; I am over the age of
eighteen (18) years and am not a party of the above-entitled action. My
state prison address is:

F-22424, B-5/218, P.O. Box 911             , Imperial, CA 92251.

    On DECEMBER 5TH    , 2009 I served the foregoing:

2 COPIES OF FEDERAL WRIT TO DISTRICT COURT IN SAN DIEGO
1 COPY OF MOTION TO PROCEED IN FORMA PAUPERIS
1 COPY OF THE ABOVE MOVING PAPERS TO THE ATTORNEY GENERAL
        (Set forth the exact title of document (s) served.)

on the part (s) herein by placing a true copy (s) thereof, enclosed
in a sealed envelope (s), with postage thereon fully paid, in the
United States Mail, in a deposit box so provided at Centinela State
Prison, P.O.Box 911, Imperial, CA 92251, addresses:

CLERK, U.S. DISTRICT COURT      | CALIFORNIA'S ATTORNEY GENERAL
880 FRONT ST., ROOM 4290        |                      OFFICES
SAN DIEGO, CA 92101-8900        | 110 WEST "A" ST., STE 1100
                                | SAN DIEGO, CA 92101-3702

There is delivery service by United States Mail at the so addressed,
and/or there is regular communication by mail between the place of
mailing and the place so addressed. I declare under penalty of perjury
that the foregoing is true and correct.

Dated: DECEMBER 5TH, 2009

                        DECLARANT/PRISONER